UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX MARKEVICH,<br><br>　　　　Defendant. | **CR S-11-490 JAM**<br><br>**ORDER DENYING DEFENDANT'S "MOTION TO QUASH INDICTMENT"** |

This matter comes before the Court on Defendant Alex Markevich's ("Defendant") Motion to Quash the Indictment (Doc. #97). The Government opposed the Motion (Doc. #21). The Court did not receive a Reply from Defendant. For the reasons discussed below, Defendant's "Motion to Quash Indictment" is denied in its entirety.

## I.　FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2011, Defendant was indicted on charges of wire fraud and monetary transactions in criminally derived property deriving from a mortgage fraud scheme with eight other defendants. See Doc. #1. On January 29, 2013, Defendant filed the pending Motion to Quash. Defendant's Motion to Quash, Doc.

1

#97 ("MTQ"). Defendant is in pro per, representing himself in this matter. See Doc. #75, 82.

Following Defendant's filing, the Court ordered the United States to file an opposition by February 19 and the Defendant to file a reply by March 5. Doc. #100. The Government untimely filed its Opposition on February 21. See United States' Opposition, Doc. #102 ("OPP"). In response, Defendant filed a Motion to Strike the late Opposition on March 5. Doc. #103. The Government opposed the Motion to Strike (Doc. #104), and on March 11, the Court denied Defendant's Motion to Strike (Doc. #105 at pg. 4).

## II. OPINION

Through the Motion to Quash, Defendant argues that because the pending case was not "initiated per the requirements . . . [of] the Federal Rules of Criminal Procedure," the Government has not proven this Court has jurisdiction in this case, and his constitutional rights have been violated, "this matter must be quashed as a matter of law." MTQ at 1-2. As discussed in the Government's Opposition, none of these arguments have merit.

Defendant first argues that "it has not been proven on the record how the prosecution proved jurisdiction . . . [in] this matter." MTQ at 3-10. Defendant argues the Court lacks subject-matter jurisdiction and that there is no evidence the Government "acquired jurisdiction over [him] specific to this indictment." Id. However, it is clear that this matter is properly before the Court and that this Court has subject-matter jurisdiction. OPP at 1-3; see also Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999). Indeed, "[s]ubject-matter jurisdiction in every

federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." Hugi, 164 F.3d at 380; see also United States v. Ratigan, 351 F.3d 957 (9th Cir. 2003). There is also no question that this Court has personal jurisdiction over the Defendant; he is properly before this Court on the Indictment. United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law.") (citations omitted). See also United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008) (holding that since federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States, the district court had subject-matter jurisdiction and that "the district court had personal jurisdiction over the [defendant] by virtue of [defendant's] having been brought before it on a federal indictment charging a violation of federal law.") (citations omitted). Defendant cites a variety of statutes that are inapplicable to this case, which need not be addressed in light of the clear basis for the Court's jurisdiction.

Like the Government, the Court does not interpret the Defendant's brief to raise any issues regarding the deficiency of the Indictment as written. See OPP at 2-3. Therefore, the Court declines to address this issue.

Next, Defendant argues that he has yet to "face his accuser," in violation of the Confrontation Clause contained

within the Sixth Amendment.  MTQ at 10-12.  As the Government correctly argues, it is well-established that the Confrontation Clause protects the "literal right to 'confront' [] witness[es] at the time of trial . . . ."  See California v. Green, 399 U.S. 149, 157 (1970).  Thus, there can be no cognizable violation of the Sixth Amendment Confrontation Clause at this stage of the case.  See generally id.

Finally, without any explanation or argument, Defendant cites several cases regarding voluntary waivers of constitutional rights.  The Court has repeatedly ensured that Defendant knowingly, voluntarily, and intelligently waived his right to counsel.

For all of the aforementioned reasons, the Court denies Defendant's Motion to Quash in its entirety.

IT IS SO ORDERED.

Dated: April 8, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE